## (October 7, 1976)

■ In the Matter of the Claim of BENJAMIN WOOTEN, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1975, which awarded claimant unemployment insurance benefits. Claimant injured his right hand while off duty. On July 17 he reported to work, and upon complaining of the injury, was directed by his employer's medical department to see his own physician. Claimant saw a private physician, Dr. Ambinder, who directed him not to work for a few weeks. The employer, however, insisted that claimant perform restricted jobs not requiring use of the right hand, such as filing, pending full recovery. The board found that claimant was never told he would be required to do only tasks performable with his left hand. Therefore, the board concluded, claimant's dismissal was not the result of misconduct. There is no evidence to support the finding that the employer failed to tell claimant that only work performable with one hand would be required. The telephone company supervisor, Daniel Lake, testified he told claimant several times that only one-hand work would be required of him. The claimant before the board admitted that Lake had so informed him "Q. Didn't Mr. Lake inform you that you had been cleared for restricted duty to avoid rush hour, no ladder climbing and not to use your right hand, that he had work for you within those restrictions that you were doing? A. Yes, Mr. Lake did mention that, that last time, whatever you say, whatever. He did mention about the work. I do remember now. He did mention about the work for me with whatever hand, and also I explained to him I was under medical attention." The issue thus reduces to whether it was justifiable for claimant to refuse to return to work on the limited terms offered. In a decision dated November 22, 1974 the referee, whose decision was affirmed by the board, found that claimant was entitled to benefits because he was following the advice of his own physician, Dr. Ambinder, not to work. The referee noted that claimant was under no inflexible obligation to follow the directions of the employer's medical department to work under restriction pending recovery. The reasonableness of claimant's refusal to accept limited work depends on what advice Dr. Ambinder gave him. Claimant testified that Dr. Ambinder did not advise him to do limited work. The counsel for the employer attempted to introduce a deposition from Dr. Ambinder on this question, but her statement was kept out of the record by the referee as hearsay. There is insufficient basis for the court to resolve the point. The case must be remitted to the board on the sole question of the reasonableness of claimant's refusal to accept one-handed work. Determination of appeal withheld and case remitted to the board for further proceedings not inconsistent herewith. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.